**AVIATOR BREWING COMPANY, INC., Plaintiff,**

v.

**TABLE BLUFF BREWING, INC., Defendant.**

**No. 5:14–CV–819–D.**

United States District Court, E.D. North Carolina, Western Division.

Signed June 3, 2015.

Filed June 4, 2015.

Anthony J. Biller, Emily Michele Haas, Coats & Bennett, PLLC, Cary, NC, for Plaintiff.

Jack Reynolds Leer, David Benjamin West, Caldarelli Hejmanowski Page &

Leer LLP, San Diego, CA, Darrell A. Fruth, Brooks Pierce McLendon Humphrey & Leonard, L.L.P., Greensboro, NC, for Defendant.

## ORDER

JAMES C. DEVER III, Chief Judge.

Aviator Brewing Company, Inc. ("Aviator Brewing") makes beer in Fuquay Varina, North Carolina, and sells a beer called MadBeach, [D.E. 17] ¶¶ 3, 5. Table Bluff Brewing, Inc. D/B/A Lost Coast Brewery & Café. ("Lost Coast Brewery") makes beer in Eureka, California, and sells a beer called Great White beer. [D.E. 18–2]. Each company uses a beer label that contains a picture of a shark. The labels look nothing alike and are not likely to confuse any ordinarily prudent purchaser.

Moreover, nothing in the record suggests any actual confusion among consumers. Nonetheless, Lost Coast Brewery sued Aviator Brewing in the United States District Court for the Northern District of California for trademark infringement. On November 14, 2014, that court dismissed the action for lack of personal jurisdiction because Aviator Brewing does not do business in California and lacked sufficient minimal contacts in California. Minute Entry, *Table Bluff Brewing, Inc. v. Aviator Brewing Co.*, No. 3:14–cv–3433–CRB (N.D.Cal. Nov. 14, 2014), [D.E. 34].

On November 17, 2014, Aviator Brewing sued Lost Coast Brewery in this court seeking a declaratory judgment on nonin-

fringement under the Lanham Act and seeking an award of attorney's fees and costs. *See* Complaint [D.E. 1]. On December 12, 2014, Lost Coast Brewery filed its answer and two counterclaims alleging (1) trademark infringement in violation of 15 U.S.C. § 1114 and (2) false designation of origin in violation of 15 U.S.C. § 1125(a). [D.E. 8]. In support, Lost Coast Brewery cites the two labels and its "GREAT WHITE Mark," which it registered with the United States Patent and Trademark Office on September 19, 2000, under registration number 2,387,570.

On February 9, 2015, Aviator Brewing filed a motion for summary judgment on its claims and Lost Coast Brewery's counterclaims. *See* [D.E. 19]. Aviator Brewing's memorandum in support is very persuasive. *See* [D.E. 20].

On March 5, 2015, Lost Coast Brewery responded in opposition and asked the court to delay ruling on the motion for summary judgment pursuant to Rule 56(d)(2) pending discovery. *See* [D.E. 23] 12; Fed.R.Civ.P. 56(d)(2). On March 5, 2015, Lost Coast Brewery requested partial summary judgment on three elements of its claims under 15 U.S.C. §§ 1114 and 1125. *See* [D.E. 24].

On March 23, 2015, Aviator Brewing replied in support of its motion for summary judgment. *See* [D.E. 26]. On March 30, 2015, Aviator Brewing responded in opposition to Lost Coast Brewery's motion for partial summary judgment. *See* [D.E. 28].

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Lost Coast Brewery's motion for summary judgment concerning certain elements of its claims lacks merit and is denied. In light of Lost Coast Brewery's request under Rule 56(d)(2) to conduct discovery, the court will deny without prejudice Aviator Brewing's motion for summary judgment. *See* Fed.R.Civ.P.

56(d)(1); *Crawford–El v. Britton,* 523 U.S. 574, 599 n. 20, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Nader v. Blair,* 549 F.3d 953, 961–62 (4th Cir.2008); *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir.1996). Nonetheless, if the court ultimately grants Aviator Brewing's renewed motion for summary judgment, it will consider a motion for attorney's fees (including attorney's fees incurred in response to Lost Coast Brewery's discovery requests and any supplemental briefing).

In sum, Lost Coast Brewery's motion for partial summary judgment [D.E. 24] is DENIED. Aviator Brewing's motion for summary judgment [D.E. 19] is DENIED WITHOUT PREJUDICE pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The parties may conduct discovery consistent with the scheduling order. *See* [D.E. 29].